UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN C. BAEZ,

                        Plaintiff,

  -against-

ANTHONY M. GROVER and
DHL EXPRESS (USA), INC.,

                      Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

24-CV-7339
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Juan C. Baez has not prosecuted this action for several months, ignored multiple court orders, failed to appear at a court conference, and disregarded the Court's express warnings about the consequences of inaction. Accordingly, for the reasons set forth below, the undersigned respectfully recommends that the Court grant, in part, the motion to dismiss brought by Defendants Anthony M. Grover and DHL Express (USA), Inc. (collectively, "Defendants") pursuant to Fed. R. Civ. P. 41(b).

## I.    Relevant Background

Plaintiff—then-represented by counsel—commenced this action on September 10, 2024 in the New York State Queens County Supreme Court, alleging serious physical injuries from a car accident ("Accident") that occurred on May 20, 2024 at around 10:45 p.m. at the Van Wyck Expressway and 78th Road in Queens County, New York. Dkt. No. 1-1 at ¶¶ 26 – 29. On October 18, 2024, Defendants removed this action based on diversity of citizenship jurisdiction, as Plaintiff is a citizen of New York, Grover is a citizen of New Jersey, and DHL Express is an Ohio corporation with a principal place of business in Florida. Dkt. No. 1.

On December 20, 2024, the undersigned held an initial status conference and scheduled discovery deadlines. Minute Entry dated Dec. 20, 2024. On June 10, 2025, while in the midst of

discovery, Defendants filed a letter informing the Court of Liberty Mutual Insurance Company's investigation of potential fraud stemming from the Accident. Dkt. No. 17 (noting that Liberty Mutual's investigation revealed that the address of Plaintiff, in Freeport, New York, is "'extensively' associated with the 'Freeport Ring,' a ring that has staged many similar fraudulent accidents in this area").

On June 11, 2025, Plaintiff's counsel filed a letter stating that he had discussed the matter with his client and with his adversaries. *See* Dkt. No. 18. Following that discussion, Plaintiff's counsel requested to withdraw from representing Plaintiff in this matter. *See id.* Plaintiff's counsel noted that Plaintiff "has consented to [counsel] withdrawing as his attorney because given the totality of what has transpired," Plaintiff's counsel's "ability to vehemently advocate for [Plaintiff] has been compromised." *Id.* Plaintiff's counsel seeks withdrawal pursuant to New York's Rule of Professional Conduct ("NYRPC") 1.16(b)(7). *Id.*

Additionally, on June 11, 2025, the Court ordered that an in-person conference be held before the undersigned on June 18, 2025. *See* Text Order dated June 11, 2025. The Court ordered Plaintiff himself to attend the conference in person, along with all of his attorneys of record. *See id.* The Court added that the parties must be "prepared to discuss at the conference whether motion practice related to Rule 11 sanctions is appropriate. Should it be necessary, Plaintiff shall also provide a certified Court interpreter at the June 18, 2025 conference." *Id.*

The Court held a status conference on June 18, 2025. *See* Minute Entry dated June 18, 2025. Plaintiff appeared at the conference, along with certified interpreters. *Id.* The undersigned spoke directly to Plaintiff at the conference and addressed the fraud allegations raised by Defendants' counsel. The Court ordered that, by June 20, 2025, Plaintiff's counsel shall file amended motions to withdraw as counsel that comply with all procedural requirements, including

2

Local Civil Rule 1.4, which requires that counsel seeking withdrawal indicate whether they are asserting a retaining or a charging lien.  Moreover, the Court ordered that, by June 20, 2025, Plaintiff shall indicate via a letter filed on the docket whether he will proceed in this action *pro se*, with new counsel, or whether he intends to withdraw his claims.  *Id.*

On June 19, 2025, Plaintiff's counsel filed a letter indicating that counsel intended to withdraw as Plaintiff's attorneys.  Dkt. No. 23.  Also on June 19, 2025, Plaintiff's counsel filed a letter indicating that Plaintiff "unequivocally express his desire to continue with this case as he asserted that the happening of this event was not his fault."  Dkt. No. 24.  Plaintiff asked for "adequate time to search for and retain new counsel."  *Id.*

On June 23, 2025, Plaintiff's counsel filed a letter with Plaintiff's current mailing address and contact information.  Also on June 23, 2025, the Court granted Plaintiff's counsel's motion to withdraw.  *See* Orders dated June 20, 2025 & June 23, 2025.  The undersigned directed Plaintiff, now proceeding *pro se*, to file a status report as to his representation by July 7, 2025, and warned that "*Pro se* Plaintiff's failure to comply with Court orders may result in dismissal of this action for failure to prosecute."  Order dated June 23, 2025.  Defendants served a copy of the court order upon Plaintiff at the address provided by Plaintiff.  Dkt. No. 29.

Plaintiff did not file a status report by July 7, 2025.  On July 11, 2025, the undersigned issued an order "*sua sponte* extend[ing] Plaintiff's deadline to advise the Court as to his legal representation, or whether he will proceed in this matter *pro se*, to July 18, 2025.  Order dated July 11, 2025.  The undersigned cautioned Plaintiff that "Plaintiff has an obligation to actively participate in the case and respond to the Court's orders even when he has not yet found new representation," and "[f]ailure to comply with the Court's order may result in a *sua sponte* Report & Recommendation to the Honorable Diane Gujarati, United States District Judge, recommending

3

that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* The Court served a copy of the July 11, 2025 order on Plaintiff. *Id.*

Plaintiff again failed to comply with the Court's order. On August 5, 2025, the undersigned scheduled a telephone status conference for August 13, 2025. Order dated Aug. 5, 2025. Defendants served a copy of the undersigned's scheduling order on Plaintiff. Dkt. No. 31. During the telephonic status conference, Plaintiff did not appear. Minute Entry dated Aug. 13, 2025.

On August 13, 2025, the undersigned issued an order to show cause why sanctions should not be imposed, including a dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), in light of Plaintiff's repeated failure to comply with orders from the Court." Minute Entry dated Aug. 13, 2025. The undersigned cautioned, "[s]hould Plaintiff continue to fail to comply with the Court's orders, the Court will order Defendants to move to dismiss this action due to Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* The following day, Defendants served this order along with a copy of the entire docket of this action on Plaintiff. Dkt. No. 32.

Having again received no update from Plaintiff, the undersigned directed Defendants to move to dismiss under Federal Rule of Civil Procedure 41 by September 22, 2025. Order dated Aug. 25, 2025. The Court ordered that Plaintiff's response was due to be filed by September 22, 2025.

On September 8, 2025, Defendants filed their motion to dismiss for failure to prosecute and subsequently served Plaintiff with their motion. Dkts. No. 33-35. To date, Plaintiff has not responded to the motion to dismiss under Federal Rule of Civil Procedure 41(b).

4

## II. <u>Legal Standard</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Schwartz v. AMF Bowling Centers, Inc.*, No. 19-CV-7096 (WFK) (JAM), 2025 WL 1682269, at *3-*4 (E.D.N.Y. June 16, 2025), *report and recommendation adopted*, 2025 WL 1826568 (E.D.N.Y. Jul. 2, 2025) (directing defendant to file a motion under Fed. R. Civ. P. 41(b)); *Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC) (HJR), 2025 WL 868495, at *2 (S.D.N.Y. Mar. 20, 2025), *report and recommendation adopted*, No. 23-CV-5619 (JGLC), 2025 WL 1265807 (S.D.N.Y. Apr. 30, 2025) (applying court's inherent authority to dismiss case for failure to prosecute). Although dismissal under Rule 41(b) is subject to the discretion of the district courts, the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "Generally, no single factor in the analysis is dispositive." *Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (citing *Baptiste*, 768 F.3d at 216).

The Second Circuit has held that district courts should generally afford *pro se* litigants "special solicitude." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)

(citations omitted). But "all litigants, including *pro ses*, have an obligation to comply with courts orders." *Id.* (citation omitted). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal." *Id.* (citation omitted); *see also Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) ("While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that [] even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." (cleaned up and internal citations omitted)).

### III. Discussion

Because Plaintiff ignored multiple court orders, failed to appear at a court conference, and disregarded the undersigned's express warnings concerning the potential consequences of inaction, all five *Baptiste* factors compel dismissal.

As to the first factor of duration, Plaintiff has been non-complaint since July 7, 2025, a period of close to four months. In this Circuit, a delay of several months can warrant dismissal. *See Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure); *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("Although [Plaintiff's] dilatory conduct extended for only three months, we have noted that a delay of a matter of months can potentially warrant dismissal.") (internal quotations and citation omitted); *Randolph v. Goodman*, No. 25-CV-04833 (JLR), 2025 WL 2930292, at *1 (S.D.N.Y. Oct. 15, 2025) (holding that dismissal is appropriate in a case where Plaintiff's failed to respond by October 10, 2025 to an August 20, 2025 Court order); *Prophete v. New York City Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2

(S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when Plaintiff has been unresponsive for three months); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (finding that dismissal is appropriate in seven months if defendant is completely inaccessible, as this conduct strongly suggests plaintiff is not diligently pursuing their claim); *Dong v. United States*, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding that, "the very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the *Pro Se* Office of a change of address—strongly suggests that he is not diligently pursuing this claim").

Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal*, 555 F.3d at 302 ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." (citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

As to the second factor, Plaintiff has received adequate notice because the undersigned cautioned that the failure to comply with court orders may result in dismissal of this action on three occasions. *See* Orders dated June 23, 2025, July 11, 2025; Minute Entry dated Aug. 13, 2025. Each order was served on *pro se*. Order dated July 11, 2025; Dkt. Nos. 29. Further, on August 14, 2025, Defendants served a copy of the entire docket, including all of the Court's warnings on *pro se*. Dt. No. 32. Plaintiff's failure to respond, despite repeated instruction, has left the undersigned in an untenable position but to recommend dismissal. *See Hunter v. New York State Dep't of Corr.*

7

*Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (holding that two notices that an action could be dismissed was sufficient notice). And, as noted above, the undersigned spoke directly to Plaintiff at the June 18, 2025 conference about proceeding in this action.

With respect to the third factor, Plaintiff's failure to appear permits the Court to presume as a matter of law that Defendants will be prejudiced by further delay. "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (citations omitted); *Caussade*, 293 F.R.D. at 630-31 ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)); *Tankersley v. City of New York*, No. 19-CV-3359 (MKB), 2021 WL 5013620, at *3 (E.D.N.Y. Oct. 26, 2021) (presuming prejudice following Plaintiff's unexplained failure to appear for a deposition and three scheduled conferences). Accordingly, Plaintiff's indifference towards court orders permits the Court to presume prejudice to Defendants.

Regarding the fourth factor of balancing between the court's docket and the party's right to be heard, this factor is satisfied because Plaintiff has been provided myriad opportunities to be heard, but has been completely unresponsive to the Court. In making this determination, courts look to whether the plaintiff has had the opportunity to be heard, and to the plaintiff's interest in continuing to prosecute the case. *Caussade*, 293 F.R.D. at 631; *Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020). Here, despite continuous and direct notifications of this Court's orders, Plaintiff has ignored them no less than three times, demonstrating a clear lack of interest in pursuing the case. *Caussade*, 293 F.R.D. at 631 (holding that remaining silent to repeated requests from the Court weighs in favor of granting a Rule 41(b) dismissal); *Velt Corp.*, 2020 WL 8413513, at *3 ("The Plaintiff has shown no interest

8

in litigating this case and has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago."). Therefore, in the face of Plaintiff's silence, this balance tips in favor of alleviating the administrative congestion by dismissal of this case.

As to the final factor of efficacy of lesser sanctions, no sanction short of dismissal will likely rectify the issues created by Plaintiff's inaction. Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared" because the plaintiff no longer communicated with the court despite repeated orders to comply. *Velt Corp.*, 2020 WL 8413513, at *3; *see also Lewis v. Experian Info Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders"); *Rogers v. Villafane*, No. 12-CV-3042 (CBA) (MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuant this case.").

Here, for close to four months, Plaintiff has ignored multiple court orders, missed a court conference, and disregarded the Court's express warnings on three occasions about the consequences of inaction. Plaintiff has received a sufficient number of opportunities to be heard. *See, e.g.,* Orders dated June 23, 2025, July 11, 2025; Minute Entry dated Aug. 13, 2025. All the relevant orders have been served upon Plaintiff. Order dated July 11, 2025; Dkt. Nos. 29 & 32. The Court has even *sua sponte* extended a deadline to respond to the Court for Plaintiff's benefit. Order dated July 11, 2025. At this stage, it is clear that Plaintiff has no interest in pursuing this case. Under these circumstances, rather than prejudicing Defendants from the continued

9

imposition of expense, dismissal is necessary. *See Randolph*, 2025 WL 2930292, at *2 ("[T]his case has been pending for nearly five months, and the Court has an obligation 'to secure the just, speedy, and inexpensive determination of every action . . . .' Fed. R. Civ. P. 1.").

Finally, although Defendants seek dismissal of this action with prejudice, the undersigned respectfully recommends that dismissal here be *without* prejudice. Because of Plaintiff's *pro se* status, courts within this Circuit have held that a dismissal under Federal Rule of Civil Procedure 41(b) should generally be without prejudice. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that a dismissal with prejudice under Rule 41(b) should be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters"); *Febrianti v. NYC Health & Hosps.*, No. 23-CV-6175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025), (holding that given "Plaintiff's *pro se* status,[] the Court recommends that Plaintiff's claims be dismissed without prejudice), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025); *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023) (finding that a dismissal without prejudice under Rule 41(b) to be "a less harsh[] and more appropriate sanction"). Thus, given Plaintiff's *pro se* status, the undersigned respectfully recommends that dismissal be without prejudice.

### IV. Conclusion

For the foregoing reasons, it is respectfully recommended that Defendant's motion to be dismiss be granted, in part, and that this action be dismissed without prejudice.

A copy of this Report and Recommendation is being electronically served on Defendants' counsel. This Court directs Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff and file proof of service on ECF by October 28, 2025.

Copies shall be served at the following mailing address:

Juan C. Baez
13 W. Dean Street
Freeport, New York 11520

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Gujarati.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
           October 27, 2025                        **SO ORDERED.**

                                                    */s/ Joseph A. Marutollo*
                                                   JOSEPH A. MARUTOLLO
                                                   United States Magistrate Judge